OPINION OF THE COURT
Bertram R. Gelfand, S.
This is a proceeding to punish the respondents Angelina Cinquemani and Frank Cinquemani for contempt.
Decedent died on February 4, 1963, and letters testamentary were issued to the respondents and a now deceased cofiduciary on March 4, 1963. By order of this court entered on March 16, 1977, the respondents were directed to file their account, together with a petition for its judicial settlement, within 60 days of personal service upon them of a certified copy of such order. Service was effectuated upon Angelina Cinquemani on May 16, 1977 and upon Frank Cinquemani on June 9, 1977. On their failure to comply with the direction of the court, the instant proceeding to punish respondents for contempt was commenced. On the adjourned date for which this proceeding had been marked final against all parties, respondents filed an account for the period ending January 31, *532 1976. It is the contention of petitioner that the account filed did not constitute compliance with the order of the court in that it did not include a period terminating reasonably close to the present time. Petitioner argues that respondents are accordingly still in contempt.
The proof adduced at the hearing established that the time fixed under the order of the court for the filing of an account for judicial settlement had expired over one year ago. The only effort by respondents to comply with the order was the account filed on the date of the hearing for a period ending January 31, 1976.
The proof indicates that no serious effort was made by the fiduciaries to comply with the order of the court entered March 16, 1977 until long after the proceedings to punish for contempt were commenced. It is concluded that the filing of an account which terminates almost three years before the day it is filed does not constitute compliance with an order directing a fiduciary to account, in the absence of extraordinary circumstances justifying such a long interval between the closing date of the account and the present. No such reason is present in the instant matter nor is there any reason presented which would sustain a conclusion that bringing the account up to date could reasonably require a period as long as three months.
It is accordingly concluded that the respondents are in contempt in that they willfully disobeyed the provisions of the order entered March 16, 1977, which failure, refusal and neglect, defeated, impeded, impaired and prejudiced the rights and remedies of the petitioner herein. However, since the interests of all of the parties would be best served by the completion and filing of an up-to-date account, the respondents may purge themselves of contempt by filing an amendment to the account on or before November 15, 1978, for a period terminating no earlier than October 31, 1978 and upon respondents’ payment of the fine imposed upon each of them hereinafter.
The posture of the instant matter is that respondents by their wrongful and unjustified failure to obey the order entered March 16, 1977, have imposed upon petitioner the burden and expense of this additional proceeding to punish them for contempt. Respondents by their disregard of the court’s direction to account have also managed to unilaterally substantially extend the time in which they are required to *533 file their accounts. The law cannot function as an effective instrument by which aggrieved parties can obtain relief if litigants are allowed to ignore properly entered orders with impunity. The outcome of such conduct cannot be one where a litigant is in a better position for having ignored an order than they would be if they had obeyed it. Accordingly, each of the respondents is fined the sum of $250 which shall be paid by them to the petitioner by delivery of a certified, cashier’s, or attorney’s check in such sum to the attorney for the petitioner on or before November 1, 1978. (Judiciary Law, § 773.)
Upon the failure to file such amendments and to obtain the issuance of citations thereunder, or the failure to pay the fine hereinabove imposed, a warrant of commitment may issue without further notice.